IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAFAYETTE HAMPTON II, | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-02439-SPM |
| THE CORPORATION, THIRD JUDICIAL CIRCUIT COURT, JANET HEFLIN, TOM HAINE, PHIL VOSS, SEAN WILLIAMS, TRACY BAUM, MARY COPELAND, JACK DAUGHERTY, MADISON COUNTY SHERIFF DEPARTMENT, JOHN LAKIN, and KRIS THARP, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff John Lafayette Hampton II commenced this action by filing a Complaint while in custody at the Madison County Jail. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff has filed a Complaint which is nonsensical and difficult to follow. (Doc. 1). He begins by reciting various federal constitutional provisions and Illinois state statutes. He then asks the Court to correct a dispute between himself and the Administrative Court and its offices and includes a proposed order for this Court to sign and issue. The proposed order directs the Comptroller of Currency of the District of Columbia and the Illinois State Comptroller of Currency to release his "funds of trust" and "settle the claim brought by the all caps UNITED STATES/STATE OF ILLINOIS" against him. The proposed order also directs the immediate release of Plaintiff from detainment at Madison County Jail and that the "fictional entity John Hampton" be found and placed in custody.

Plaintiff then states he is commencing a suit dealing with the violations of securities fraud being committed by this Court. He alleges:

> Cases, etc., are being converted to securities to be bought and sold on the stock market and other venues by and through insurance companies etc…Once the original security note, bond, mortgage or document(s) is/are sold into the markets the only evidence left is a copy of the original document. Those "copies" are placed before the Administrative Courts by prosecutors, and court officials are accepting these "copies" as a true/original document. The Administrative Courts and its Officers know that these are "counterfeit" obligations and that forged, and "counterfeit" documents are being placed before this Administrative Court in order to "re-monetize" them, which is illegal."

(Doc. 1, p. 8). He states that the conduct is fraudulent and allows the Comptroller to legally produce grant money to the government.

Plaintiff also puts forth arguments concerning the flying of the flag in the courtroom. He states that if the flag does not represent the Constitution or the military then it is of foreign jurisdiction. (Doc. 1, p. 10). He contends that he was forced into a fraudulent confession under a foreign flag flown by the person acting as judge "in order to clear themselves of their sins."

## DISCUSSION

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the requirement is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, the Court cannot discern a plausible federal claim within the Complaint. Not only are Plaintiff's assertions confusing and hard to follow, but he fails to mention most of the defendants listed in the case caption in the body of the Complaint. Thus, it is not clear what claims, if any, Plaintiff has against each defendant. The only Defendant mentioned in the Complaint is the Third Judicial Circuit, which is not a suable entity. *See* FED. R. CIV. P. 17(b); *Parker v. Lyons,* No. 11-cv-1441, 2013 WL 12303944, at *2 (C.D. Ill. Jan. 10, 2013). Because Plaintiff sets forth no allegations against a suable defendant in his statement of claim, his Complaint will be dismissed without prejudice.

## PENDING MOTIONS

Plaintiff has filed a motion asking the Court to take judicial notice of state court cases and to order his immediate release from Madison County Jail. (Doc. 6). The motion is **DENIED.**

The Court already has the authority to take judicial notice of matters of public record, including state court decisions, court filings, and documents from state court proceedings. *See J.B. v. Woodard,* 997 F.3d 714, 717 (7th Cir. 2021). Furthermore, the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits, a requirement that must be shown prior to the Court issuing any kind of emergency injunctive relief. The Court also notes that Plaintiff has filed a notice of change of address and so

his request for release appears moot. (Doc. 13).

Plaintiff's motion seeking service of process at government expense is also **DENIED.** (Doc. 12). Plaintiff's Complaint has been dismissed without prejudice and so service of process will not be conducted at this time. Furthermore, because Plaintiff is proceeding *in forma pauperis,* the Court is obligated to arrange service on his behalf if any claims survive Section 1915A review.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A. The Motion to Take Judicial Notice and the Motion for Service of Process at Government Expense are **DENIED**. (Doc. 6, 12).

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 11, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02439-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 14, 2023**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**